UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHERAMIE MARINE, LLC**<br><br>**VERSUS**<br><br>**FREEDOM WELL SERVICES, LLC** | CIVIL ACTION NO.:<br><br>SECTION:<br><br>JUDGE:<br><br>MAGISTRATE: |

## CHERAMIE MARINE, LLC'S ORIGINAL COMPLAINT

The Original Complaint of Cheramie Marine, LLC with respect represents:

## PARTIES

I.

Plaintiff, Cheramie Marine, LLC ("Cheramie Marine") is a Louisiana limited liability company with its principal place of business in Larose, Louisiana.

II.

Defendant, Freedom Well Services, LLC ("Freedom Well Services") is a Texas limited liability company with its principal place of business in Houston, Texas.

## JURISDICTION AND VENUE

III.

Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1333 as this is a case arising under the Court's admiralty jurisdiction and Rule 9(h) of the Federal Rules of Civil Procedure. Additionally, both parties are diverse from each other and the amount in controversy exceeds $75,000; therefore, jurisdiction is also proper in this Court pursuant to 28 U.S.C. § 1332.

1

IV.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Louisiana.

## FACTUAL BACKGROUND

V.

On or about September 9, 2014, Freedom Well Services entered into a Charter Agreement with Cheramie Marine. Exhibit 1, *Customer Charter Agreement*.

VI.

The Charter Agreement provided that Cheramie Marine would provide the M/V MARIE CHERAMIE to be used as an offshore supply vessel in connection with Freedom Well Services' plugging and abandoning of the offshore oil well ST-190 A-9. Exhibit 1, *Customer Charter Agreement*.

VII.

In addition to "working as directed" by Freedom Well Services, the M/V MARIE CHERAMIE shuttled workers to and from the worksite, and provided subsistence and lodging to the workers plugging and abandoning the offshore oil well ST-190 A-9. Exhibit 1, *Customer Charter Agreement*.

VIII.

Cheramie Marine fully and satisfactorily performed all of its responsibilities under the Charter Agreement in connection with this project.

IX.

At the end of the Charter Agreement, Cheramie Marine submitted its invoicing for services rendered under the terms of the Charter Agreement totaling $36,839.41. Exhibit 2, *Invoice dated September 19, 2014 and Supporting Documentation;* Exhibit 3, *Invoice dated September 30, 2014 and Supporting Documentation*.

X.

Freedom Well Services has failed to pay Cheramie Marine the $36,839.41 due for their offshore supply vessel, equipment, supplies and services rendered in support of this project.

## CAUSES OF ACTION

*Failure to Pay Pursuant to Louisiana Revised Statute 9:2781*

XI.

Cheramie Marine adopts and incorporates by reference all preceding paragraphs as if copied *in extenso*.

XII.

Freedom Well Services is liable unto Cheramie Marine pursuant to Louisiana R.S. 9:2781 as these sums are due upon "open account."

XIII.

Pursuant to Louisiana R.S. 9:2781(D) an "open account" includes "any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions."

XIV.

As pled in paragraphs IX and X of this *Complaint*, Freedom Well Services' open account with Cheramie Marine has an outstanding balance of $36,839.41, which is due and owing.

XV.

Additionally, pursuant to Louisiana R.S. 9:2781(A), Freedom Well Services is liable unto Cheramie Marine for reasonable attorneys' fees in addition to the $36,839.41 balance due on their open account if they fail to pay Cheramie Marine in full within fifteen (15) days from citation and service of this *Complaint*.

### *Breach of Contract*

XVI.

Cheramie Marine adopts and incorporates by reference all preceding paragraphs as if copied *in extenso*.

XVII.

Freedom Well Services entered into a written contract (Charter Agreement) with Cheramie Marine for the aforementioned offshore supply vessel, equipment, supplies and labor that were used in connection with the project for the benefit of Freedom Well Services.

XVIII.

Freedom Well Services has breached this contract by failing to pay the balance of the amount due to Cheramie Marine.

### *Penalties Pursuant to Louisiana Revised Statute 9:4814*

XIX.

Cheramie Marine adopts and incorporates by reference all preceding paragraphs as if copied *in extenso*.

XX.

Louisiana R.S. 9:4814 imposes liability upon a contractor or subcontractor who fails to apply funds received as necessary to settle claims. Specifically, Louisiana R.S. 9:4814 provides:

> A. No contractor, subcontractor, or agent of a contractor or subcontractor, who has received money on account of a contract for the construction, erection, or repair of a building, structure, or other improvement … shall knowingly fail to apply the money received as necessary to settle claims to sellers of movables or laborers due for the construction or under the contract. Any seller of movables or laborer whose claims have not been settled may file an action for the amount due, including reasonable attorney's fees and court costs, and for civil penalties as provided in this Section.

*See* La. R.S. 9:4814.

XXI.

Upon information and belief, Freedom Well Services received payment from the operator of the offshore oil well ST-190 A-9 for plugging and abandoning this well. However, Freedom Well Services failed to apply these payments received to settle the amounts due and owing to Cheramie Marine as subcontractor for their work in connection with this project.

XXII.

Louisiana R.S. 9:4814(C) further provides: "When the amount misapplied is greater than one thousand dollars, the civil penalties shall be not less than five hundred dollars nor more than one thousand dollars, for each one thousand dollars in misapplied funds."

XXIII.

Thus, pursuant to Louisiana R.S. 9:4814(C), Cheramie Marine is entitled to receive the $36,839.41 due on open account plus penalties in amount between $18,419.71 and $36,839.41.

5

XXIV.

Additionally, Louisiana R.S. 9:4814 further provides:

> A contractor, subcontractor or agent of a contractor or subcontractor who is found by the court to have knowingly failed to apply construction payments as required by Subsection A shall be ordered by the court to pay to plaintiff the penalties provided in Subsection (B) or (C), as may be applicable, and the amount due to settle the claim, including reasonable attorneys' fees and court costs.

*See* La. R.S. 9:4814(D).

XXV.

Thus, pursuant to Louisiana R.S. 9:4814, Cheramie Marine is entitled to receive the $36,839.41 due on open account plus penalties in an amount between $18,419.56 and $36,839.41 plus reasonable attorneys and court costs for the collection of same.

*Detrimental Reliance*

XXVI.

Cheramie Marine adopts and incorporates by reference all preceding paragraphs as if copied *in extenso*.

XXVII.

Cheramie Marine agreed to provide the offshore supply vessel, equipment, supplies and labor for Freedom Well Services to support the plugging and abandoning project of the offshore oil well ST-190 A-9 as a result of Freedom Well Services' assurance that Cheramie Marine would be paid for same.

XXVIII.

Cheramie Marine relied upon the representations made by Freedom Well Services to Cheramie Marine's detriment.

XXIX.

Cheramie Marine was justified in its reliance on the representations made by Freedom Well Services.

XXX.

Cheramie Marine changed its position as a result of those misrepresentations.

XXXI.

As a result, Cheramie Marine has suffered damages, including but not limited to, the payments owed by Freedom Well Services, plus attorney's fees and costs.

XXXII.

Freedom Well Services is barred from now taking a position contrary to its prior acts, admissions, representations, or silence.

*Equitable Estoppel*

XXXIII.

Cheramie Marine adopts and incorporates by reference all preceding paragraphs as if copied *in extenso*.

XXXIV.

Alternatively, Cheramie Marine asserts that Freedom Well Services is equitably estopped from now taking a position contrary to its prior acts, admissions, representations, or silence at the expense of Cheramie Marine.

**WHEREFORE**, Plaintiff Cheramie Marine, LLC prays that process in due form of law may issue, citing the Defendant Freedom Well Services, LLC to appear and answer in the time prescribed by law; that after due proceedings are had, that there be judgment in favor of Plaintiff Cheramie Marine, LLC and against Defendant Freedom Well Services, LLC for THIRTY-SIX THOUSAND EIGHT HUNDRED THIRTY-NINE DOLLARS AND FORTY-ONE CENTS ($36,839.41) together with reasonable attorneys' fees; court costs, civil penalties, and for all other and further relief to which Plaintiff Cheramie Marine, LLC may in law and in justice be entitled to receive.

Respectfully submitted on February 3, 2015.

**WAITS, EMMETT, POPP & TEICH, L.L.C.**

*/s/ Mark A. Hill*
RANDOLPH J. WAITS (13157) T.A.
JOHN F. EMMETT (1861)
MATTHEW POPP (24608)
JORDAN N. TEICH (32254)
MARK A. HILL (33891)
1515 Poydras Street, Suite 1950
New Orleans, Louisiana  70112
Telephone:     (504) 581-1301
Facsimile:      (504) 585-1796
E-mail:           mhill@wep-law.com
*Attorneys for Cheramie Marine, LLC*