UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHERAMIE MARINE, LLC,**  Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-324** |
| **FREEDOM WELL SERVICES, LLC,**  Defendant | **SECTION: "E" (4)** |

### ORDER

This is a case involving a breach of a maritime contract. The Complaint alleges that on September 9, 2014, Plaintiff Cheramie Marine, LLC ("Plaintiff") entered into a charter agreement with Defendant Freedom Well Services, LLC ("Defendant") whereby Plaintiff would provide M/V Marie Cheramie to be used as an offshore supply vessel in connection with Defendant's plugging and abandoning of an offshore well.[1] Plaintiff performed its responsibilities under the agreement and subsequently submitted an invoice for services rendered totaling $36,839.41.[2]

Plaintiff filed a motion for summary judgment[3] on October 20, 2015, arguing it is entitled to the principal sum of $36,839.41 as well as attorney's fees pursuant to Louisiana's Open Account Statute[4] and civil penalties pursuant to Louisiana's Misapplication of Payments Statute.[5]

Defendant filed a response in partial opposition to Plaintiff's motion for summary judgment on October 27, 2015.[6] Defendant does not dispute that it owes the principal

---

[1] R. Doc. 1 at ¶¶ 5–6.
[2] R. Doc. 14-8 at ¶ 4. Defendant does not dispute this. *See* R. Doc. 15-1 at ¶ 4.
[3] R. Doc. 14.
[4] LA. REV. STAT. § 9:2781.
[5] LA. REV. STAT. § 9:4814.
[6] R. Doc. 15.

1

sum of $36,839.41.[7] It argues, however, that Plaintiff cannot recover attorney's fees or civil penalties under Louisiana law because general maritime law governs this action.[8]

Plaintiff filed a reply memorandum in support of its motion on October 30, 2015,[9] and Defendant filed a surreply on November 2, 2015.[10] The Court held oral argument on the motion for summary judgment on November 18, 2015.[11]

The charter agreement has a choice-of-law provision stating it is to be governed by general maritime law, "but if [g]eneral [m]aritime [l]aw is not applicable, then the laws of the State of Texas shall govern."[12] Therefore, general maritime law applies to this action.

The Fifth Circuit has held that general maritime law precludes the application of state attorney's fees statutes to maritime contract disputes.[13] Thus, under general maritime law, in the absence of a federal statute or a provision for attorney's fees in an enforceable contract, litigants must pay their own attorney's fees.[14] Plaintiff cites no federal statute that allows for the recovery of attorney's fees in this case, and nothing in the charter agreement between the parties provides for attorney's fees. Accordingly, Plaintiff may not recover attorney's fees.[15]

---

[7] *See, e.g.,* R. Doc. 15 at 3; R. Doc. 15-1 at ¶¶ 4, 8.
[8] R. Doc. 15.
[9] R. Doc. 20.
[10] R. Doc. 22.
[11] *See* R. Doc. 25.
[12] R. Doc. 14-2 at 13, ¶ 20.1.
[13] *Texas A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 406 (5th Cir. 2003) ("[T]he general rule of maritime law that parties bear their own costs, coupled with the need for uniformity in federal maritime law, precludes the application of state attorneys' fee statutes . . . to maritime contract disputes.").
[14] *OneBeacon America Ins. Co. v. Turner,* 204 F. App'x 383, 385 (5th Cir. 2006) (citing *Texas A&M*, 338 F.3d at 406)).
[15] *See Sea Link Cargo Servs. Inc. v. Marine Ctr. Inc.*, 380 F. App'x 460, 463 (5th Cir. 2010) ("Both parties mistakenly argue that they are entitled to attorney's fees under the Louisiana Open Account Statute, La. Rev. Stat. § 9:2781. This is a maritime contract dispute, and maritime disputes generally are governed by the American Rule, pursuant to which each party bears its own costs. We have previously held that a different state attorney's fees statute did not apply in a maritime case. Neither party advances a persuasive reason to reach a different result in connection with the Louisiana Open Account Statute." (citing *Texas*

2

Further, Plaintiff cites no case in which a court allowed for the recovery of civil penalties under Louisiana's Misapplication of Payments Statute for failure to pay pursuant to a maritime contract governed by the general maritime law. Although "state law may supplement maritime law where maritime law is silent,"[16] "[a] State law may not supplement the general maritime law where the State law . . . interferes with the proper harmony and uniformity of the general maritime law in its international and interstate relations."[17] In light of the "need for uniformity in federal maritime law,"[18] the Court finds that Plaintiff is not entitled to recover civil penalties pursuant to the Louisiana Misapplication of Payments Statute, La. Rev. Stat. § 9:4814.

Accordingly;

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment[19] is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff is entitled to the principal sum of $36,839.41, owed pursuant to the charter agreement between the parties. Plaintiff is not, however, entitled to attorney's fees under the Louisiana Open Account Statute[20] or civil penalties under the Louisiana Misapplication of Payments Statute.[21]

---

*A&M*, 338 F.3d at 405, 406)); *Jambon & Assocs., L.L.C. v. Seamar Divers, Inc.*, No. CIV.A. 09-2670, 2009 WL 2175980, at *8 (E.D. La. July 20, 2009) (noting the "obvious collision between the general maritime rule precluding recovery of attorney's fees on a maritime contract claim and the Louisiana state law rule allowing for recovery of fees on an open account claim").

[16] *Coastal Iron Works, Inc. v. Petty Ray Geophysical, Div. of Geosource, Inc.*, 783 F.2d 577, 582 (5th Cir. 1986).

[17] *Rogers v. Coastal Towing, L.L.C.*, 723 F. Supp. 2d 929, 933 (E.D. La. 2010) (citing *Southern Pacific Co. v. Jensen*, 244 U.S. 205, 216 (1917)).

[18] *See Texas A&M*, 338 F.3d at 406. *See also J. B. Effenson Co. v. Three Bays Corp.*, 238 F.2d 611, 615 (5th Cir. 1956) ("To hold that a plaintiff, entitled to elect his forum as between a Federal court, sitting in admiralty, and a court of common law, either state or federal, has a right to elect whether the liability of the defendant shall be determined by the maritime law or by the common law standards of the state would defeat the uniformity which the Constitution requires in such cases.").

[19] R. Doc. 14.
[20] LA. REV. STAT. § 9:2781.
[21] LA. REV. STAT. § 9:4814.

New Orleans, Louisiana, this 19th day of November, 2015.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**